BENJAMIN F. WOOLSEY

*v.*

THE CUMMINGS CAR WORKS.

Exceptions to a master's report on the accounts of a receiver appointed by this court, involving his management and disposal of the trust property, and the amount of his compensation, considered and overruled.

In insolvency.   On exceptions to master's report.

*Mr. F. McGee, Mr. R. O. Babbitt* and *Mr. W. P. Wilson,* for exceptants.

*Mr. G. Collins,* for the receiver.

THE CHANCELLOR.

Pursuant to orders of this court, the master reported upon the accounts of Mr. Chaddock, the receiver appointed by this court for the creditors and stockholders of "The Cummings Car Works," and the proper allowance to be made to him for his services in the trust.   Certain of the creditors have excepted to the report.   The several exceptants are Josiah F. Bailey and others, trustees for some of the creditors, Abner A. Griffing and E. S. Jaffray & Co.   The exceptions of the last named are identically the same.   To consider those filed by the trustees : The first and second complain of conclusions of fact drawn by the master from the evidence.   In these conclusions he is fully sustained by the proof.   The exceptions will consequently be overruled.   The third is an objection to the finding of the master with respect to part of the price of certain goods of the trust, sold by him to a creditor.   The receiver took, in part payment, at its full amount, a note of the company, on which the creditor would be entitled to a dividend in the distribution of the net proceeds of the assets; and took, at the same time, a well-secured guaranty in writing

for the payment of the difference, whatever it might be, between the amount of the dividend, when declared, and the amount at which the note was taken. The transaction appears to have been for the advantage of the trust in the price at which the goods were sold; and the length of the credit given is not such as to amount to a breach of trust, especially in view of the pains taken and means employed to guard the trust against loss in the transaction. That exception will be overruled. The fourth exception is to the amount of compensation allowed by the master. There were three sales of the property of the trust. The first, which was of the real estate, machinery, tools, &c., took place in the latter part of May, 1877. It was set aside for inadequacy of price, and the property was again sold (but for a higher price) on the 1st of October following. The last sale was of certain choses in action, sold to close up the trust, and it took place in May, 1878. The master, after a review of all the facts, reports that the receiver's compensation should be $200 a month, from the time of his appointment, October 17th, 1873, to the 1st of May, 1878. He also reports that the receiver should be allowed something for his services and expenses in finding a receiver's certificate of the New York and Oswego Midland Railroad Company, delivered by Mr. Chaddock to certain creditors of the car company by mistake (two being delivered instead of one, to which alone they were entitled), the loss of which was not discovered until the examination before the master. The receiver was the treasurer of the car company. At a meeting of the creditors and stockholders, held in view of its embarrassments and the necessity of applying for the appointment of a receiver, he was designated as the proper person to be appointed receiver, and the amount suggested as his compensation was the amount which he was receiving as treasurer, $200 a month, for his expenses of living; his compensation, however, to be fixed, of course, by this court. He stated to the meeting that he would act as receiver if appointed, and would draw $200 a month for the expenses of his living, leaving it to this court to fix his compensation. He has rendered services of a very valuable character to the trust for a considerable length of time; he conducted, under order of this

court, the business of the company, railroad car building, and he has generally given to the business of the receivership, careful and valuable attention. I find in the evidence no reason for any imputation whatever that in any of his transactions in the trust, he has been governed or actuated by any unworthy motives, or sought to promote his private ends. Nor do I think the allowance too great. The exception on this point, therefore, should be overruled. There is nothing before me from which I could make an award of compensation to the receiver in respect of his trouble or expense in finding the missing certificate, if I deemed it proper to make one; but, in my judgment, he is not entitled to any compensation in the matter. He would have been chargeable with the value of the certificate if he had not been able to find or account for it.

Of the exceptions of Mr. Griffing and Messrs. E. S. Jaffray & Co., the first objects to the payment by the receiver of the mortgage encumbrances which were on the property of the company at the time of its failure, because they were made, as alleged, without authority; but it is clear from the evidence that the payments referred to, if made without an order, were made in the exercise of a sound discretion. The second exception is an objection to the order authorizing the receiver to carry on the business for the benefit of the trust. Obviously, the propriety of making the order, cannot be called in question by an exception to the master's report on the receiver's account. The exception will, therefore, be struck out. The third objects to the finding of the master that the business done by the receiver in manufacturing under the authority just mentioned, was productive of profit to the trust. The fact is immaterial to any question legitimately arising on the master's report, unless it be as to the amount of compensation to be allowed to the receiver. That would be affected by losses incurred in the manufacturing business through his negligence or misconduct; but no loss on those accounts, or either of them, is charged or appears. The exception will be overruled. The fourth exception is the same as one which has been already considered, the third exception of the trustees, which was overruled. The fifth and sixth exceptions refer to the com-

pensation to be allowed to the receiver. For reasons already given on the exception on the same subject by the trustees, the exception will be overruled. The seventh, eighth, sixteenth, eighteenth and nineteenth exceptions are objections to the form of the receiver's accounts and the alleged non-production of vouchers. It appears, by the master's report, that the trustees and Mr. Griffing appeared before him at the taking of the account, and that the only objections made to the account or the allowance thereof, were those on which he has passed, none of which have any reference whatever to the subjects of the exceptions now under consideration. The other exceptants, Messrs. E. S. Jaffray & Co., did not appear before the master, and were let in to except on condition that they should adopt the exceptions of Griffing. Under the circumstances, the exceptions last specified should be struck out. The ninth, tenth, fourteenth, fifteenth and twentieth exceptions are merely general complaints, in the most general terms, of mismanagement of the trust estate. They will all be struck out. The eleventh is a charge of fraud and imposition, on the part of the receiver, on the court, in obtaining an order authorizing him to make a contract with the New Jersey and New York Railroad Company. The twelfth is a mere personal allegation of non-compliance, on the part of the receiver, with that order. The thirteenth charges misrepresentation, fraud and imposition on the court, on the part of the receiver, in obtaining an order to make a settlement with the last-mentioned railroad company. For reasons before stated, these exceptions will all be struck out. The seventeenth is an objection that the receiver ought not to be allowed for commissions paid on sales of goods of the trust to the railroad company just mentioned. This exception will, under the circumstances, be struck out, on the ground of surprise. The objection is made, for the first time, by the exception. Though all the exceptions will be either overruled or struck out, the exceptants will not, under the circumstances, be required to pay costs. Their action in excepting and pursuing the exceptions, was in behalf of all the creditors.